# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**DEL DENNIS**                                                                **PLAINTIFF**

v.                                                        CAUSE NO. 3:17cv1018-LG-LRA

**ACADEMY, LTD. and**
**BERNICE HAMPTON-BEAN**                                                     **DEFENDANTS**

## ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTIONS TO THE BILL OF COSTS

BEFORE THE COURT is the [43] Objection to Defendants' Bill of Costs filed by Plaintiff Del Dennis. Plaintiff filed this action alleging discrimination on the basis of race by Defendant Academy, Ltd. and tortious interference with contract by Defendant Bernice Hampton-Bean. Defendants filed a Motion for Summary Judgment, which the Court granted as to the discrimination claims against Academy. The Court dismissed the tortious interference claim against Bernice Hampton-Bean without prejudice after declining to retain supplemental jurisdiction. Thereafter, the Court entered a [39] Final Judgment.

Defendants filed their [42] Bill of Costs in the amount of $2,478.60 on March 8, 2019, requesting fees associated with acquiring the original deposition transcript of the plaintiff and a video recording of the same. Plaintiff's Objection to the Bill of Costs argues (1) that the per-page rate of $9.24 charged for the deposition transcript is excessive and (2) that the $650.00 charged for videotaping the deposition is not an allowable expense. Defendants have filed a Response to the Objection. Having

considered the submissions of the parties, the Court is of the opinion that the Objection should be granted in part and overruled in part.

Under Federal Rule of Civil Procedure 54(d)(1), "costs – other than attorney's fees – should be allowed to the prevailing party" in an action. There is a "strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Federal law provides that the Clerk may tax as costs, *inter alia*, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; [and f]ees for exemplification and the costs of making copies and any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920. The losing party shoulders the burden to overcome the presumption in favor of costs. *See Walters v. Roadway Exp., Inc.*, 557 F.2d 521, 526 (5th Cir. 1977).

Nevertheless, "[t]hose who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982), overruled on other grounds by *Woodworkers of Am., AFL-CIO & its Local No. 5-376 v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986) (en banc). This requires "some evidence" of actual expenditures. *Id.*

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney . . . , that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

28 U.S.C. § 1924.

Plaintiff asserts that the $1,828.60 sought for the original transcript of Plaintiff's deposition is excessive.[1] The transcript is 198 pages long. If no portion of that expense includes related fees like an appearance fee or an expedited turn-around fee, then Defendants seek reimbursement for $9.24 per page. The bill for court-reporting services does not itemize any separate fees. And Defendants maintain that they did not request an expedited copy. Thus, the Court assumes that the $1,828.60 reflects just the cost of the original transcript. Defendants offer no justification for utilizing court-reporting services at the cost of $9.24 per page.

Plaintiff's counsel submitted a declaration in which he submits that the average rate charged per page for regular transcript production in Mississippi is $4 per page. The Judicial Conference of the United States allows for a maximum of $4.25 per page on a fourteen-day transcript.[2] *Grimes v. BNSF Ry. Co.*, No. 1:12CV137-DAS, 2013 WL 12178122, at *3 (N.D. Miss. July 11, 2013); 6 Guide to Judiciary Policy § 530, https://www.uscourts.gov/sites/default/files/guide_vol06.pdf (last revised May 1, 2018); *Federal Court Reporting Program*, United States Courts, https://www.uscourts.gov/services-forms/federal-court-reporting-program (last visited Mar. 22, 2019). Because Defendants offer no basis for these higher rates,

---

[1] Plaintiff does not, however, challenge the necessity of having obtained the transcript.

[2] The maximum per page cost is even less for a standard thirty-day transcript – $3.65 per page. Defendants state that they made no expedited request, but also note that they received the transcript thirteen business days after the deposition. Because the Judicial Conference's limits were not raised by the Plaintiff, the Court will give Defendants the benefit of the doubt that a fourteen-day transcript was reasonably requested.

– 3 –

the costs for the printed transcript will be reduced to the Judicial Conference limit of $4.25 per page, resulting in a recoverable expense of $841.50.  *But see*, *E.E.O.C. v. JBS USA, LLC*, No. 8:10CV318, 2015 WL 2212644, at *4 (D. Neb. May 11, 2015) (finding a per-page fee in excess of the Judicial Conference limits to be warranted "[b]ased on the complexity and the additional time required").

Insofar as the video recording of the deposition is concerned, § 1920(2) explicitly allows for taxation of costs associated with electronically recorded transcripts.  And transcript fees "are not objectionable merely because the underlying deposition is not used at trial.  The question is whether the particular deposition was reasonably necessary to the case, not whether it was actually employed in court."  *Soler v. McHenry*, 771 F. Supp. 252, 255 (N.D. Ill. 1991), *aff'd sub nom. Soler v. Waite*, 989 F.2d 251 (7th Cir. 1993) (citing *Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 867 (7th Cir. 1981).  Plaintiff makes only a perfunctory argument disputing the necessity of having videotaped his deposition, which does not overcome the presumption in favor of costs.  The Court finds that the video recording of Plaintiff's deposition "could reasonably [have been] expected to be used during trial or for trial preparation" at the time at the video recording was made.  *Harris v. Dallas Cty. Hosp., Dist.*, No. 3:14-CV-3663-D, 2016 WL 8674685, at *4 (N.D. Tex. Aug. 5, 2016) (citing *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 790 (N.D. Tex. 2014)).  This objection is overruled.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [43] Objection to Defendants' Bill of Costs filed by Plaintiff Del Dennis is **SUSTAINED IN PART**

and **OVERRULED IN PART**.  The Clerk shall tax costs in favor of Defendants Academy, Ltd. and Bernice Hampton-Bean in the amount of $1,491.50.

**SO ORDERED AND ADJUDGED** this the 22nd day of March, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE